UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CARROLL,

    Applicant,

v.                                                            CASE NO. 8:14-cv-2981-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

James Carroll applies under 28 U.S.C. § 2254 (Doc. 1) for the writ of habeas corpus and challenges the validity of his state conviction for attempted second-degree murder with a weapon. Carroll alleges two grounds of ineffective assistance of trial counsel. The respondent admits the application's timeliness. (Doc. 7 at 14) Numerous exhibits ("Resp. Ex. __") support the response. (Doc. 8)

## **I. FACTS**[1]

On September 27, 2009, Carroll, Tracy Anderson (Carroll's girlfriend), and Anthony Thornton were at Lake Martha Park in Winter Haven. During an argument in the evening, Carroll stabbed Thornton. Thornton fled the area and summoned assistance from a passerby. Police located Carroll and Anderson several

---

[1] This factual summary derives from the probable cause affidavit and the record. (Resp. Ex. A, R 5)

blocks from the scene. Anderson told police that she was present when Carroll argued with Thornton. Carroll denied stabbing Thornton. Carroll told police that he was not in the park after 2 p.m. that day. A police canine tracked a scent from Carroll's location back to the area of the attack.

Carroll was charged with attempted second-degree murder with a weapon. Because of a conflict, the public defender's office withdrew from the case and the trial judge appointed conflict counsel ("trial counsel"). Carroll pleaded *nolo contendere* in exchange for a sentence of ten years' imprisonment, followed by fifteen years on probation. The trial court accepted the plea and imposed the negotiated split sentence.

## II. *NOLO CONTENDERE* PLEA

A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982). *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks

to re-open the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings.") and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson*, 962 F.2d at 997.

In ground one Carroll alleges that his trial counsel rendered ineffective assistance by not advising him about a "viable" defense, specifically, a defense under Florida's "Stand Your Ground" law, codified in Chapter 776, Florida Statutes. (Doc. 1 at 5) In ground two Carroll alleges that his trial counsel rendered ineffective assistance by not moving to dismiss the attempted second-degree murder charge. (Doc. 1 at 7) By pleading *nolo contendere*, Carroll waived his second ground for relief but not his first.

**A. Ground Two Was Waived by Carroll's *Nolo Contendere* Plea**

Carroll's second ground alleges that trial counsel failed to "move to have [the] charge dropped." (Doc. 1 at 7) Carroll contends that he acted in self-defense and that his counsel should have known that, if "a [p]etitioner acts in

- 3 -

self-defense, 'stand your ground,'" he could not be charged with a crime based on his actions. (Doc. 1 at 7) The ground is construed to allege that trial counsel rendered ineffective assistance by not pursuing dismissal of the attempted second-degree murder charge under Florida's "Stand Your Ground" law.[2] Carroll's claim of ineffective counsel involves an alleged omission of counsel occurring before the plea. Because Carroll does not contend that his plea was involuntary based on the alleged pre-plea failing of counsel, he waived ground two by pleading *nolo contendere*. *See*, *e.g.*, *Bullard v. Warden, Jenkins Corr. Center*, 610 Fed. App'x. 821, 824 (11th Cir. 2015) ("Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").

The record shows that Carroll knowingly, intelligently, and voluntarily pleaded *nolo contendere*. *See Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969). Carroll executed a plea form certifying, among other things, that he understood he waived all rights appurtenant to a trial, that he discussed the charge and possible defenses with his counsel, and that he accepted counsel's representation as satisfactory. (Resp. Ex. A, R 34-35) At the plea hearing Carroll confirmed that he and counsel reviewed the plea form and the "overall" case. (Resp. Ex. A, R 19) Carroll affirmed that he understood he was waiving valuable constitutional

---

[2] Section 776.032, Florida Statutes, provides for immunity from prosecution when a defendant has used force in accord with specified statutory circumstances.

- 4 -

rights by pleading *nolo contendere*. After the trial judge provided an explanation of the rights Carroll was waiving, Carroll entered his *nolo contendere* plea. (Resp. Ex. A, R 19-21) Carroll offers no facts or evidence to meet his "heavy burden" to rebut his sworn statements at the plea hearing. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Carroll waived ground two by entry of his voluntary plea and is not entitled to a review of the ground on the merits.

### B. Ground One Was Not Waived by Carroll's *Nolo Contendere* Plea

Affording the application a generous interpretation, ground one —that counsel failed to advise Carroll about a "Stand Your Ground" defense — challenges the voluntary nature of Carroll's plea based on an alleged failing in counsel's advice. An applicant may attack the voluntary and intelligent character of his guilty plea by establishing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771 (1970). *See also Calhoun v. Sec'y, Fla. Dep't of Corr.*, 607 Fed. App'x. 968, 971 (11th Cir. 2015) ("[A] defendant, who pled guilty on the advice of counsel, may attack the voluntary and intelligent character of the plea by showing that counsel rendered ineffective assistance, described in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]") (citing *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985)). Consequently, Carroll did not waive ground

one by entry of his *nolo contendere* plea and is entitled to a review of the ground on the merits.

### III.  STANDARDS OF REVIEW

A federal court may not grant habeas relief on a claim adjudicated in state court unless the adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  If a state court's decision is unaccompanied by an opinion explaining the denial of relief, a federal habeas court must determine which arguments or theories could have supported the state court's decision and "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Harrington v. Richter*, 562 U.S. 86, 98, 102 (2011).

Carroll claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  To demonstrate that counsel was constitutionally ineffective, an applicant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance

prejudiced the applicant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish *Strickland* prejudice in a guilty plea, an applicant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Surmounting *Strickland*'s high bar is never easy, *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), and "the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would not have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is difficult because the standards created by *Strickland* and § 2254(d) "are both 'highly deferential,'" and "when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

The post-conviction court denied Carroll's ground after an evidentiary hearing. The state appellate court affirmed the denial of relief without discussion.

The state court's decision warrants deference under Section 2254(d)(1). *See Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Review of the state court decision is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). Carroll bears the burden of overcoming by clear and convincing evidence a state court's factual determination. 28 U.S.C. § 2254(e)(1).

## IV. MERITS

Carroll alleged in his motion for post-conviction relief that his trial counsel failed to advise him about the "Stand Your Ground" defense. (Resp. Ex. B, R 10) Section 776.013(3), Florida Statutes (2009), provides:

> A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

At the state evidentiary hearing, Carroll testified that Anderson and he were on a dock at the Lake Martha Park when Thornton, an acquaintance, joined them. The three, homeless at the time, were intoxicated. Anderson started an argument with Thornton by complaining that Thornton was preparing bedding where Anderson and Carroll slept the previous evening. Carroll told Anderson to

- 8 -

leave Thornton alone.  At the time Thornton was upset over an argument the night before with Thornton's girlfriend.  At Carroll's request Thornton shifted his encampment about 15 feet away.  (Resp. Ex. B, R 48–53)  Carroll testified that Anderson continued to talk to Thornton in an aggressive manner and that Thornton threatened to throw her from the dock and drown her.  According to Carroll's version of the events, Carroll asked Thornton to leave Anderson alone, and Thornton approached Carroll with a knife that Carroll gave Thornton three days earlier.  (Resp. Ex. B, R 53–54, 68)  Carroll testified that he pulled his own knife because he wanted to defend himself and Anderson.  Carroll stabbed Thornton in the chest several times.  (Resp. Ex. B, R 47, 54–56)  Carroll admitted that he later told police he was not present at the time of the incident.  (Resp. Ex. B, R 71)  Carroll testified that Anderson told police that she did not see Carroll stab Thornton.  Carroll agreed with the prosecutor that in Anderson's statement to police, Anderson did not "put a knife" in Thornton's hand.  (Resp. Ex. B, R 72–73)

    Carroll testified that he first spoke with his initial counsel approximately thirty days after his arrest.  According to Carroll, the assistant public defender discussed a plea offer but not the facts of the case or any defenses.  (Resp. Ex. B, R 60–61) Carroll testified that after trial counsel was appointed, she met with Carroll one or two times in the holding cell at the courthouse.  Although Carroll testified that he told trial counsel his "side of the story," Carroll admitted that he

did not tell her that he was defending himself. (Resp. Ex. B, R 61) Carroll also acknowledged that he did not tell his trial counsel that Thornton had a knife. (Resp. Ex. B, R 62)

After Carroll testified at the evidentiary hearing, the prosecutor moved to deny relief based on Carroll's admission that Carroll failed to tell trial counsel that Thornton had a knife. The post-conviction court agreed and denied relief (Resp. Ex. B, R 90-91) (footnote omitted):

> Defendant presented himself as his sole witness. He asserted that he stabbed the victim in self[-]defense and in defense of his girlfriend. However, he also testified that he did not tell [t]rial [c]ounsel that he was defending himself, and did not tell her that the victim had a knife. Defendant further indicated that the sole eyewitness other than the victim — his girlfriend — never stated that the victim had a knife. Defendant admitted that he denied involvement in the matter when interviewed by law enforcement, and admitted that he stated to the sentencing judge that he and [t]rial [c]ounsel had fully discussed the case prior to his plea. At the close of the Defendant's case, the State moved for involuntary dismissal pursuant to Fla. R. Civ. P. 1.420(b), based on Defendant's failure to show deficient performance of counsel as defined in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court agrees; [t]rial [c]ounsel cannot be held to have performed deficiently where Defendant did not tell her (or apparently, anyone else) that he acted in self-defense.

The post-conviction court reasonably applied *Strickland* in determining that Carroll failed to show that trial counsel performed deficiently. Carroll admittedly told neither the police nor his attorney that his stabbing Thornton was in self-defense. As a consequence, Carroll failed to show that his trial counsel performed deficiently in not advising him about the defense under Florida's "Stand Your

Ground" law.[3] The state court reasonably applied *Strickland* and reasonably determined the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) and (2).

The post-conviction court had no need to address *Strickland*'s prejudice component because Carroll did not meet the performance component. *See*, *e.g.*, *Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1151 (11th Cir. 2017) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted). Even if the prejudice component is addressed, Carroll "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). Carroll contends that "counsel was so ineffective an innocent man was sent to prison." (Doc. 1 at 5) Carroll does not contend that he would not have entered his negotiated plea and would have insisted on proceeding to trial but for counsel's alleged error, although he advanced the contention in his post-conviction motion. (Resp. Ex. B, R 12) Affording the application a generous interpretation as asserting this claim of prejudice, Carroll is entitled to no relief because he failed to show the prejudice that *Strickland* requires.

---

[3] For the same reasons, Carroll is entitled to no relief on ground two, even if the ground is construed to challenge the validity of the plea.

Accordingly, Carroll's application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Carroll and close this case.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Carroll is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Carroll must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because he has failed to make the requisite showing, Carroll is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Carroll must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 21, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE